AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

MICHELLE BELL, LARVELLE BELL, IVANTA BELL-
SIMON and JOSHUA BELL-SIMON

_____
*Plaintiff(s)*

THE CITY OF NEW YORK, SERGEANT THOMAS
LENT TAX ID #919291, POLICE OFFICER ANDREW KAMNA TAX ID #943423
DEPUTY INSPECTOR GULOTTA, LIEUTENANT HOPKINS, POLICE OFFICER
DAVIS, SERGEANT GRILLO, POLICE OFFICER CULLEN, POLICE OFFICER
ALLEN, POLICE OFFICER McEVOY, POLICE OFFICER SHREFE, DETECTIVE
GUT, DETECTIVE *Defendant(s)* DETECTIVE AASHEIM, DETECTIVE SCHIERENBECK,
SERGEANT GLAUDINA, DETECTIVE YEAGER, DETECTIVE GRISOLLA,
DETECTIVE        AMENDED   SUMMONS IN A CIVIL ACTION
MAINOFI and DETECTIVE KEENAN
Corporation Counsel

)
)
)
)
)
)
)
)
)

Civil Action No. 1:13-CV-06790-NGG-B

To: *(Defendant's name and address)* 100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Martin L. Ginsberg, PC        and        Cory Rosenbaum, Esq.
80-59 Lefferts Boulevard                   401 East Olive Street
Kew Gardens, New York 11415                Long Beach, New York 11561

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHELLE BELL, LARVELLE BELL, IVANTA BELL-
SIMON and JOSHUA BELL-SIMON,

                                Plaintiffs,

**AMENDED
COMPLAINT**

              -against-                              Civil Action No.: 1:13-CV-06790-NGG-B

THE CITY OF NEW YORK, SERGEANT THOMAS LENT
TAX ID # 919291, POLICE OFFICER ANDREW KAMNA
TAX ID # 943423, DEPUTY INSPECTOR GULOTTA,
LIEUTENANT HOPKINS, POLICE OFFICER DAVIS,
SERGEANT GRILLO, POLICE OFFICER CULLEN,
POLICE OFFICER ALLEN, POLICE OFFICER McEVOY,
POLICE OFFICER SHREFE, DETECTIVE GUT, DETECTIVE
ARCE, DETECTIVE AASHEIM, DETECTIVE SCHIERENBECK,
SERGEANT GLAUDINA, DETECTIVE YEAGER, DETECTIVE
GRISOLLA, DETECTIVE MAINOFI and DETECTIVE KEENAN,

                              Defendants.
----------------------------------------------------------------------X
        The plaintiffs, complaining of the defendants, by his attorney, MARTIN L.

GINSBERG, PC, respectfully shows to this Court and alleges:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to

plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the

United States (42 U.S.C. § 1983) and arising under the law and statutes of the

State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4),

this being an action authorized by law to redress the deprivation under color of

law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

PARTIES

7. That the plaintiffs, MICHELLE BELL, LARVELLE BELL, IVANTA BELL-SIMON and JOSHUA BELL-SIMON, all African American, are residents of the United States and are residents of the County of Kings, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CTY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondent superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT THOMAS LENT TAX ID # 919291, POLICE OFFICER ANDREW KAMNA TAX ID # 943423, DEPUTY INSPECTOR GULOTTA, LIEUTENANT HOPKINS, POLICE OFFICER DAVIS, SERGEANT GRILLO, POLICE OFFICER CULLEN, POLICE OFFICER ALLEN, POLICE OFFICER McEVOY, POLICE OFFICER SHREFE, DETECTIVE GUT, DETECTIVE ARCE, DETECTIVE AASHEIM, DETECTIVE SCHIERENBECK, SERGEANT GLAUDINA, DETECTIVE YEAGER, DETECTIVE GRISOLLA, DETECTIVE MAINOFI and DETECTIVE KEENAN, were employed by the defendant NYC as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances,

regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## PENDENT STATE CLAIMS

14.  That Notice of the Plaintiffs' Claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant NYC within ninety days on or about April 19, 2013.

15.  50H hearings of all plaintiffs were held on or about August 8, 2013.

16.  That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17.  That this action is commenced within one year and ninety days after the cause of action arose.

18.  That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1602 (1)(b).

## STATEMENT OF FACTS

19.  That plaintiffs were subject to the above conduct starting on March 1, 2013 at approximately 6:00 AM in apartment 5A at 295 Osborne Street, Brooklyn, New York, when unidentified police officers responded to the premises at 295 Osborne Street, Brooklyn, New York.  Upon arrival of the officers, the police officers proceeded to break down the door to the subject apartment and accusing the plaintiffs of being in the possession of an unlicensed firearm.  The following went through the apartment:  Sergeant Thomas Lent, Police Officer Davis,

Sergeant Grillo, Lieutenant Hopkins, Police Officer Andrew Kamna, Police Officer

Allen, Police Officer McEvoy, Police Officer Shrefe, Detective Gut, Detective

Arce, Detective Aasheim, Detective Schierenbeck, Detective Yeager, Detective

Grisolla, Detective Mainofi and Detective Keenan searching for the firearm, but

did not find a firearm.  Michelle Bell was ordered to remain on the kitchen floor.

Ultimately, a police officer pulled her up and she was immediately placed in

handcuffs.  She remained in the subject apartment in handcuffs for approximately

three hours.  When Michelle Bell asked Sergeant Lent why they were doing what

they were doing, he replied that he was told that there were guns in the

apartment.  He did not produce a warrant.  When the police officers entered the

apartment, three or four police officers threw Joshua Bell-Simon to the ground,

pointed rifles at him and one of them kept him pinned to the ground with his foot.

The officers brought Larvelle Bell into Joshua Bell-Simon's room with a gun to

Larvelle's back and lights shining in his face for approximately five minutes.

Larvelle witnessed the police breaking property, including the bed, the dresser

and shoeboxes.  Larvelle was kicked to the ground by an unknown police officer.

He was told that Joshua is a "bad boy and hangs with the wrong people."

Larvelle was placed under arrest at the subject apartment, and was taken in a

van for approximately twenty minutes before arriving at the 73rd precinct.  At the

73rd precinct, he remained handcuffed for approximately thirty minutes.  He was

then placed in a cell, and was held at the precinct in the cell for approximately

thirteen hours.  He was never told that he was being charged with any crime, he

was never informed of her legal or Miranda rights.  Subsequently, he was

brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. He spent approximately ten hours in the cell, and ultimately he was brought to a courtroom where he was told there were no charges filed against him. Ivanta Bell-Simon was sleeping in her bedroom when the police officers arrived. She was immediately taken from her bed and placed into handcuffs. She was held in handcuffs in the subject apartment for approximately two hours, was taken to the 73rd precinct, was never told that she was being charged with any crime, nor was she ever informed of her legal or Miranda rights. Subsequently, she was brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. She spent approximately thirteen hours in the cell. Joshua Bell-Simon was placed under arrest at the subject apartment, and was taken in a van for approximately twenty minutes before arriving at the 73rd precinct. At the 73rd precinct, he remained handcuffed for approximately thirty minutes. He was then placed in a cell, and was held at the precinct in the cell for approximately thirteen hours. He was never told that he was being charged with any crime, he was never informed of his legal or Miranda rights. Subsequently, he was brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. He spent approximately ten hours in the cell, and ultimately he was brought to a courtroom where he was told there were no charges filed against him.

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO 42

## U.S.C. SECTION 1983 AND THE FOURTH AMENDMENT VIA USE OF

## EXCESSIVE FORCE AND UNREASONABLE FORCE

20.  Plaintiffs repeat, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21.  That the plaintiff's, LARVELLE BELL, rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that Plaintiff, LARVELLE BELL, was unlawfully subjected to excessive and unreasonable force by Sgt. Kent and other unidentified police officers who put a gun to Larvelle's back and lights shining in his face for approximately five minutes, and was kicked to the ground by an unknown police officer.

22.  That the said assault and battery of the plaintiff was effected by Sergeant Kent and other unidentified officers without any reasonable necessity to use any force much less the excessive force that was employed and used without legal justification, without plaintiffs' consent, with malice and with intent to inflict pain and suffering.

23.  That defendants Sergeant Thomas Kent, Police Officer Andrew Kamna, Deputy Inspector Gulotta, Lieutenant Hopkins, Police Officer Davis, Sergeant Grillo, Police Officer Cullen, Police Officer Allen, Police Officer McEvoy, Police Officer Shrefe, Detective Gut, Detective Arce, Detective Aasheim, Detective Schierenbeck, Sergeant Glaudina, Detective Yeager, Detective Grisolla, Detective Mainofi and Detective Keenan knew of the use of excessive force

against plaintiff and allowed said use of excessive force to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene to protect the constitutional rights of plaintiffs from infringement by other law officers in their presence.

24. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

25. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically causing them to be subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotional harms, pecuniary harms and were otherwise harmed. 26. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

28. That the defendant NYC is vicariously liable to the plaintiff, LARVELLE

BELL, for the individual defendant's common law torts via the principle of

respondent superior.

29. That New York CPLR Section 1601 does not apply pursuant to the exception

provided by CPLR Section 1601(b).

30. That on March 1, 2013, defendants Sergeant Thomas Kent, Police Officer
THE CITY OF NEW YORK

Andrew Kamna, Deputy Inspector Gulotta, Lieutenant Hopkins, Police Officer

Davis, Sergeant Grillo, Police Officer Cullen, Police Officer Allen, Police Officer

McEvoy, Police Officer Shrefe, Detective Gut, Detective Arce, Detective

Aasheim, Detective Schierenbeck, Sergeant Glaudina, Detective Yeager,

Detective Grisolla, Detective Mainofi and Detective Keenan committed a battery

on plaintiff, LARVELLE BELL in that the touching of plaintiff was harmful, was not

consented to, and unjustified and so doing defendants violated the laws and

Constitution of the State of New York and otherwise violated plaintiff's rights

under New York law.
THE CITY OF NEW YORK

31. That defendant Sergeant Thomas Kent, Police Officer Andrew Kamna,

Deputy Inspector Gulotta, Lieutenant Hopkins, Police Officer Davis, Sergeant

Grillo, Police Officer Cullen, Police Officer Allen, Police Officer McEvoy, Police

Officer Shrefe, Detective Gut, Detective Arce, Detective Aasheim, Detective

Schierenbeck, Sergeant Glaudina, Detective Yeager, Detective Grisolla,

Detective Mainofi and Detective Keenan in kicking plaintiff committed a battery

against plaintiff.

32. That by reason of the acts of battery committed against the plaintiff, plaintiff was harmed physically requiring emergency and continuing medical treatment and was subjected to physical pain, humiliation, embarrassment, anxiety, infliction of emotional distress, was subjected to various ongoing physical and emotional harms, was pecuniarly harmed and was otherwise harmed.

33. That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO

### THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

35. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, LARVELLE BELL, by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

36. That by reason of the aforesaid, committed by defendants, plaintiff, LARVELLE BELL, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

37.  That by reason of the aforesaid the plaintiff, LARVELLE BELL has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, MICHELLE BELL'S, RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

38.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

39.  That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, MICHELLE BELL, by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

40.  That by reason of the aforesaid, committed by defendants, plaintiff, MICHELLE BELL, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

41.  That by reason of the aforesaid the plaintiff, MICHELLE BELL has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
## VIOLATION OF THE PLAINTIFF, IVANTA BELL-SIMON'S, RIGHTS
## PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA
### ASSAULT

42.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

43.  That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, IVANTA BELL-SIMON, by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

44.  That by reason of the aforesaid, committed by defendants, plaintiff, IVANTA BELL-SIMON, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

45.  That by reason of the aforesaid the plaintiff, IVANTA BELL-SIMON has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
## VIOLATION OF THE PLAINTIFF, JOSHUA BELL-SIMON'S, RIGHTS
## PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA
### ASSAULT

46.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

47.  That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, JOSHUA BELL-SIMON, by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

48.  That by reason of the aforesaid, committed by defendants, plaintiff, JOSHUA BELL-SIMON, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

49.  That by reason of the aforesaid the plaintiff, JOSHUA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.


AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, LARVELLE BELL, RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

50.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

52. That the defendants confined the plaintiff, LARVELLE BELL, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

53. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

54. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

55. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

56. That by reason of the aforesaid, plaintiff, LARVELLE BELL has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
## VIOLATION OF THE PLAINTIFF, MICHELLE BELL, RIGHTS PURSUANT TO
## 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

59. That the defendants confined the plaintiff, MICHELLE BELL, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

60. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

61. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

62. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

63. That by reason of the aforesaid, plaintiff, MICHELLE BELL has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
VIOLATION OF THE PLAINTIFF, IVANTA BELL-SIMON, RIGHTS PURSUANT
TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

66. That the defendants confined the plaintiff, IVANTA BELL-SIMON, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

67. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the

United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

68.  That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

69.  That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

70.  That by reason of the aforesaid, plaintiff, IVANTA BELL-SIMON has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

<u>AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF</u>
<u>VIOLATION OF THE PLAINTIFF, JOSHUA BELL-SIMON, RIGHTS PURSUANT</u>
<u>TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST</u>

71.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

72.  That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

73. That the defendants confined the plaintiff, JOSHUA BELL-SIMON, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

74. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

75. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

76. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

77. That by reason of the aforesaid, plaintiff, JOSHUA BELL-SIMON has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF- VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

78.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

79.  That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

80.  That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

81.  That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

82.  That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

83. That by reason of the aforesaid, plaintiff, LARVELLE BELL, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF, MICHELLE BELL'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

85. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

86. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

87. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as

representatives of their employers and that said failure rose to a level of

deliberate indifference to the constitutional right of plaintiff.

88.  That the aforesaid occurrences and resulting injuries were caused wholly

and solely by reason of the negligence of the defendants, their agents, servants

and employees without any negligence on the part of the plaintiff.

89.  That by reason of the aforesaid, plaintiff, MICHELLE BELL, has been

damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and

is entitled to an award of punitive damages.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF, IVANTA BELL-SIMON'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

90.  Plaintiffs repeat, reiterate and reallege each and every allegation contained

in the prior paragraphs with the same force and effect as is more fully set forth

herein.

91.  That the defendant NYC was negligent, careless and reckless in hiring and

retaining, properly training and supervising, as and for its employees, the above

named individual defendants and unidentified individuals, in that the said

defendants lacked the experience, deportment and ability to be employed by the

defendants.

92.  That the defendants failed to exercise due care and caution in their hiring

practices, and in particular, in hiring the defendant employees who lacked the

mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

93. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

94. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

95. That by reason of the aforesaid, plaintiff, IVANTA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

<u>AS AND FOR A FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF, JOSHUA BELL-SIMON'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS</u>

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

97. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

98. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

99. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

100. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

101. That by reason of the aforesaid, plaintiff, JOSHUA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

WHEREFORE, plaintiff, LARVELLE BELL, demands judgment against the

defendants in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the First Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Third Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, MICHELLE BELL on the Fourth Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, IVANTA BELL-SIMON on the Fifth Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, JOSHUA BELL-SIMON on the Sixth Cause of Action; in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Seventh Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, MICHELLE BELL on the Eighth Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, IVANTA BELL-SIMON on the Ninth Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, JOSHUA BELL-SIMON on the Tenth Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Eleventh Cause of Action, in a sum not to exceed ONE MILLION

($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff,

MICHELLE BELL on the Twelfth Cause of Action, in a sum not to exceed ONE

MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for

plaintiff, IVANTA BELL-SIMON on the Thirteenth Cause of Action, in a sum not to

exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive

damages for plaintiff, JOSHUA BELL-SIMON on the Fourteenth Cause of Action;

along with other and further relief this Court may deem just and proper.

Dated: Kew Gardens, New York
May 20, 2014

Yours, etc.

MARTIN L. GINSBERG, P.C.
Attorney for Plaintiff
80-59 Lefferts Boulevard
Kew Gardens, NY 11415
(718) 805-2300
and

CORY ROSENBAUM, ESQ.
Co-Attorney for Plaintiff
401 East Olive Street
Long Beach, New York 11561

Law Offices

MARTIN L. GINSBERG
A Professional Corporation

80-59 Lefferts Boulevard
Kew Gardens, N.Y. 11415
Telephone (718) 805-2300
FAX (718) 805-2201
mlginsberg@verizon.net

INDEX No.                                       Year 20

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

MICHELLE BELL, LARVELLE BELL, IVANTA BELL-SIMON and JOSHUA BELL-SIMON,

Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT THOMAS LENT TAX ID # 919291, POLICE OFFICER ANDREW KAMNA TAX ID # 943423, DEPUTY INSPECTOR GULOTTA, LIEUTENANT HOPKINS, POLICE OFFICER DAVIS, SERGEANT GRILLO, POLICE OFFICER CULLEN, POLICE OFFICER ALLEN, POLICE OFFICER McEVOY, POLICE OFFICER SHREFE, DETECTIVE GUT, DETECTIVE ARCE, DETECTIVE AASHEIM, DETECTIVE SCHIERENBECK, SERGEANT GLAUDINA, DETECTIVE YEAGER, DETECTIVE GRISOLLA, DETECTIVE MAINOFI and DETECTIVE KEENAN,

Defendants.

**AMENDED SUMMONS AND AMENDED COMPLAINT**

**MARTIN L. GINSBERG, P.C.**    **and**      **CORY ROSENBAUM, ESQ.**
Attorney for Plaintiffs                               Co-Attorney for Plaintiffs
80-59 Lefferts Boulevard                            401 East Olive Street
Kew Gardens, New York 11415                  Long Beach, New York 11561
718-805-2300

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| MICHELLE BELL, LARVELLE BELL, IVANTA BELL-SIMON and JOSHUA BELL-SIMON<br><br>_____<br>*Plaintiff(s)*<br>v.<br>CITY OF NEW YORK, SERGEANT THOMAS LENT and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Corporation Counsel
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Martin L. Ginsberg, PC     and     Cory Rosenbaum, Esq.
80-59 Lefferts Boulevard              401 East Olive Street
Kew Gardens, New York 11415        Long Beach, New York 11561

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: *11- 25 - 2013*

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHELLE BELL, LARVELLE BELL, IVANTA BELL-
SIMON and JOSHUA BELL-SIMON,

                              Plaintiffs,                    **COMPLAINT**

         -against-                                          Civil Action No.:

CITY OF NEW YORK, SERGEANT THOMAS LENT &
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,
EMPLOYEES & AGENTS,

                              Defendant.
------------------------------------------------------------------X
         The plaintiffs, complaining of the defendants, by his attorney, MARTIN L.

GINSBERG, PC, respectfully shows to this Court and alleges:

### JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to

plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the

United States (42 U.S.C. § 1983) and arising under the law and statutes of the

State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4),

this being an action authorized by law to redress the deprivation under color of

law, statute, ordinance, regulation, custom and usage of a right, privilege, and

immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the

Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

### PARTIES

7. That the plaintiffs, MICHELLE BELL, LARVELLE BELL, IVANTA BELL-SIMON and JOSHUA BELL-SIMON, all African American, are residents of the United States and are residents of the County of Kings, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CTY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondent superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT THOMAS LENT and UNIDENTIFIED POLICE OFFICERS were employed by the defendant NYC as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## PENDENT STATE CLAIMS

14. That Notice of the Plaintiffs' Claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant NYC within ninety days on or about April 19, 2013.

15. 50H hearings of all plaintiffs were held on or about August 8, 2013.

16.  That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17.  That this action is commenced within one year and ninety days after the cause of action arose.

18.  That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1602 (1)(b).

### STATEMENT OF FACTS

19.  That plaintiffs were subject to the above conduct starting on March 1, 2013 at approximately 6:00 AM in apartment 5A at 295 Osborne Street, Brooklyn, New York, when unidentified police officers responded to the premises at 295 Osborne Street, Brooklyn, New York.  Upon arrival of the officers, the police officers proceeded to break down the door to the subject apartment and accusing the plaintiffs of being in the possession of an unlicensed firearm.  Sergeant Thomas Lent went through the apartment searching for the firearm, but did not find a firearm.  Michelle Bell was ordered to remain on the kitchen floor. Ultimately, a police officer pulled her up and she was immediately placed in handcuffs.  She remained in the subject apartment in handcuffs for approximately three hours.  When Michelle Bell asked Sergeant Lent why they were doing what they were doing, he replied that he was told that there were guns in the apartment.  He did not produce a warrant.  When the police officers entered the apartment, three or four police officers threw Joshua Bell-Simon to the ground, pointed rifles at him and one of them kept him pinned to the ground with his foot.

The officers brought Larvelle Bell into Joshua Bell-Simon's room with a gun to Larvelle's back and lights shining in his face for approximately five minutes. Larvelle witnessed the police breaking property, including the bed, the dresser and shoeboxes. Larvelle was kicked to the ground by an unknown police officer. He was told that Joshua is a "bad boy and hangs with the wrong people." Larvelle was placed under arrest at the subject apartment, and was taken in a van for approximately twenty minutes before arriving at the 73rd precinct. At the 73rd precinct, he remained handcuffed for approximately thirty minutes. He was then placed in a cell, and was held at the precinct in the cell for approximately thirteen hours. He was never told that he was being charged with any crime, he was never informed of her legal or Miranda rights. Subsequently, he was brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. He spent approximately ten hours in the cell, and ultimately he was brought to a courtroom where he was told there were no charges filed against him. Ivanta Bell-Simon was sleeping in her bedroom when the police officers arrived. She was immediately taken from her bed and placed into handcuffs. She was held in handcuffs in the subject apartment for approximately two hours, was taken to the 73rd precinct, was never told that she was being charged with any crime, nor was she ever informed of her legal or Miranda rights. Subsequently, she was brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. She spent approximately thirteen hours in the cell. Joshua Bell-Simon was placed under arrest at the subject apartment, and was taken in a van for approximately twenty minutes

before arriving at the 73rd precinct. At the 73rd precinct, he remained handcuffed for approximately thirty minutes. He was then placed in a cell, and was held at the precinct in the cell for approximately thirteen hours. He was never told that he was being charged with any crime, he was never informed of his legal or Miranda rights. Subsequently, he was brought to Central Booking via a police van, was fingerprinted, photographed and placed in a cell. He spent approximately ten hours in the cell, and ultimately he was brought to a courtroom where he was told there were no charges filed against him.

<u>AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF</u>
<u>VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO 42</u>
<u>U.S.C. SECTION 1983 AND THE FOURTH AMENDMENT VIA USE OF</u>
<u>EXCESSIVE FORCE AND UNREASONABLE FORCE</u>

20. Plaintiffs repeat, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21. That the plaintiff's, LARVELLE BELL, rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that Plaintiff, LARVELLE BELL, was unlawfully subjected to excessive and unreasonable force by Sgt. Kent and other unidentified police officers who put a gun to Larvelle's back and lights shining in his face for approximately five minutes, and was kicked to the ground by an unknown police officer.

22.  That the said assault and battery of the plaintiff was effected by Sergeant

Kent and other unidentified officers without any reasonable necessity to use any

force much less the excessive force that was employed and used without legal

justification, without plaintiffs' consent, with malice and with intent to inflict pain

and suffering.

23.  That defendant SERGENT THOMAS KENT and other UNIDENTIFIED

POLICE OFFICERS knew of the use of excessive force against plaintiff and

allowed said use of excessive force to continue, are liable to the plaintiffs via their

failure to act pursuant to their affirmative duty to intervene to protect the

constitutional rights of plaintiffs from infringement by other law officers in their

presence.

24.  As a direct result of defendants' actions, plaintiffs were deprived of rights,

privileges and immunities under the Fourth Amendment of the United States

Constitution being more particularly plaintiffs' right to be free from the use of

excessive and unreasonable force.

25.  That by reason of the unlawful use of excessive and unreasonable force, the

plaintiff was harmed physically causing them to be subjected to physical pain,

humiliation, embarrassment, anxiety and was subjected to various ongoing

physical and emotional harms, pecuniary harms and were otherwise harmed.

26.  That by reason of the aforesaid, the plaintiff has been damaged in a sum not

to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an

award of punitive damages and attorney's fees are appropriate pursuant to 42

U.S.C. Section 1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE
## PLAINTIFF, VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS
## PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA
## BATTERY

27.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

28.  That the defendant NYC is vicariously liable to the plaintiff, LARVELLE BELL, for the individual defendant's common law torts via the principle of respondent superior.

29.  That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1601(b).

30.  That on March 1, 2013, defendants Sergeant Kent and other unidentified officers committed a battery on plaintiff, LARVELLE BELL in that the touching of plaintiff was harmful, was not consented to, and unjustified and so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

31.  That defendant Sgt Kent and other unidentified officers in kicking plaintiff committed a battery against plaintiff.

32.  That by reason of the acts of battery committed against the plaintiff, plaintiff was harmed physically requiring emergency and continuing medical treatment and was subjected to physical pain, humiliation, embarrassment, anxiety,

infliction of emotional distress, was subjected to various ongoing physical and
emotional harms, was pecuniarly harmed and was otherwise harmed.

33. That by reason of the aforesaid, plaintiff has been damaged in a sum not to
exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award
of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C.
Section 1988.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
## VIOLATION OF THE PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained
in the prior paragraphs with the same force and effect as is more fully set forth
herein.

35. That on the aforementioned date, time and place, the defendants committed
the tort of assault against the plaintiff, LARVELLE BELL, by causing him to be in
apprehension of imminent, harmful and offensive touching and in so doing
defendants violated the laws and Constitution of the State of New York and
otherwise violated plaintiff's rights under New York Law.

36. That by reason of the aforesaid, committed by defendants, plaintiff,
LARVELLE BELL, suffered and continues to suffer emotional injuries and that
they were otherwise damaged.

37. That by reason of the aforesaid the plaintiff, LARVELLE BELL has been
damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and

are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, MICHELLE BELL'S, RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

39. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, MICHELLE BELL, by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

40. That by reason of the aforesaid, committed by defendants, plaintiff, MICHELLE BELL, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

41. That by reason of the aforesaid the plaintiff, MICHELLE BELL has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, IVANTA BELL-SIMON'S, RIGHTS

## PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA
### ASSAULT

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

43. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, IVANTA BELL-SIMON, by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

44. That by reason of the aforesaid, committed by defendants, plaintiff, IVANTA BELL-SIMON, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

45. That by reason of the aforesaid the plaintiff, IVANTA BELL-SIMON has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
### VIOLATION OF THE PLAINTIFF, JOSHUA BELL-SIMON'S, RIGHTS
### PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA
### ASSAULT

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

47. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff, JOSHUA BELL-SIMON, by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law.

48. That by reason of the aforesaid, committed by defendants, plaintiff, JOSHUA BELL-SIMON, suffered and continues to suffer emotional injuries and that they were otherwise damaged.

49. That by reason of the aforesaid the plaintiff, JOSHUA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.


## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, LARVELLE BELL, RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

52. That the defendants confined the plaintiff, LARVELLE BELL, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

53. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

54. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

55. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

56. That by reason of the aforesaid, plaintiff, LARVELLE BELL has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, MICHELLE BELL, RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

59. That the defendants confined the plaintiff, MICHELLE BELL, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

60. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

61. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

62. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

63. That by reason of the aforesaid, plaintiff, MICHELLE BELL has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, IVANTA BELL-SIMON, RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

66. That the defendants confined the plaintiff, IVANTA BELL-SIMON, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

67. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the

United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

68. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

69. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

70. That by reason of the aforesaid, plaintiff, IVANTA BELL-SIMON has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF, JOSHUA BELL-SIMON, RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMEND VIA FALSE ARREST

71. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

72. That all of the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

73.  That the defendants confined the plaintiff, JOSHUA BELL-SIMON, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

74.  As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

75.  That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

76.  That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

77.  That by reason of the aforesaid, plaintiff, JOSHUA BELL-SIMON has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-
VIOLATION OF PLAINTIFF, LARVELLE BELL'S, RIGHTS PURSUANT TO
DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN,
SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

79. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

80. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

81. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

82. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

83. That by reason of the aforesaid, plaintiff, LARVELLE BELL, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF, MICHELLE BELL'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

85. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

86. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

87. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as

representatives of their employers and that said failure rose to a level of

deliberate indifference to the constitutional right of plaintiff.

88. That the aforesaid occurrences and resulting injuries were caused wholly

and solely by reason of the negligence of the defendants, their agents, servants

and employees without any negligence on the part of the plaintiff.

89. That by reason of the aforesaid, plaintiff, MICHELLE BELL, has been

damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and

is entitled to an award of punitive damages.

AS AND FOR A THIRTEENTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF-VIOLATION OF PLAINTIFF, IVANTA BELL-SIMON'S, RIGHTS
PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO
PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL
DEFENDANT POLICE OFFICERS

90. Plaintiffs repeat, reiterate and reallege each and every allegation contained

in the prior paragraphs with the same force and effect as is more fully set forth

herein.

91. That the defendant NYC was negligent, careless and reckless in hiring and

retaining, properly training and supervising, as and for its employees, the above

named individual defendants and unidentified individuals, in that the said

defendants lacked the experience, deportment and ability to be employed by the

defendants.

92. That the defendants failed to exercise due care and caution in their hiring

practices, and in particular, in hiring the defendant employees who lacked the

mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

93. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

94. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

95. That by reason of the aforesaid, plaintiff, IVANTA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF, JOSHUA BELL-SIMON'S, RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

97. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

98. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

99. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

100. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

101. That by reason of the aforesaid, plaintiff, JOSHUA BELL-SIMON, has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

WHEREFORE, plaintiff, LARVELLE BELL, demands judgment against the

defendants in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the First Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Third Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, MICHELLE BELL on the Fourth Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, IVANTA BELL-SIMON on the Fifth Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, JOSHUA BELL-SIMON on the Sixth Cause of Action; in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Seventh Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, MICHELLE BELL on the Eighth Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, IVANTA BELL-SIMON on the Ninth Cause of Action, in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages for plaintiff, JOSHUA BELL-SIMON on the Tenth Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff, LARVELLE BELL on the Eleventh Cause of Action, in a sum not to exceed ONE MILLION

($1,000,000.00) DOLLARS and an award of punitive damages for plaintiff,

MICHELLE BELL on the Twelfth Cause of Action, in a sum not to exceed ONE

MILLION ($1,000,000.00) DOLLARS and an award of punitive damages for

plaintiff, IVANTA BELL-SIMON on the Thirteenth Cause of Action, in a sum not to

exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive

damages for plaintiff, JOSHUA BELL-SIMON on the Fourteenth Cause of Action;

along with other and further relief this Court may deem just and proper.


Dated: Kew Gardens, New York
      November 25, 2013

Yours, etc.

MARTIN L. GINSBERG, P.C.
Attorney for Plaintiff
80-59 Lefferts Boulevard
Kew Gardens, NY 11415
(718) 805-2300
and

CORY ROSENBAUM, ESQ.
Co-Attorney for Plaintiff
401 East Olive Street
Long Beach, New York 11561

## NOTICE OF CERTIFICATION

        **PLEASE TAKE NOTICE,** that pursuant to Section 130-1-a, the

annexed papers, the SUMMONS AND COMPLAINT, are being certified that to

the best of the undersigned's knowledge, information and belief, the papers

and/or contentions contained therein are in accordance with the Rules pertaining

to this Certification.

**Dated:**      Kew Gardens, New York
               November 25, 2013

                                   Yours, etc.

                                   **MARTIN L. GINSBERG, P.C.**
                                   Attorney for Plaintiff(s)
                                   80-59 Lefferts Boulevard
                                   Kew Gardens, New York 11415
                                   718-805-2300
                                   and

                                   **CORY ROSENBAUM, ESQ.**
                                   Co-Attorney for Plaintiff(s)
                                   401 East Olive Street
                                   Long Beach, New York 11561

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, duly admitted to practice in the Courts of the State of New York, hereby affirms as follows:

The deponent is the attorney of record for the plaintiff(s) in the within action; the deponent has read the annexed SUMMONS AND COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.  Deponent further states that the reason this Verification is made by deponent, and not by plaintiff(s), is that plaintiff(s) reside in a county other than that in which deponent maintains his office.

The grounds of deponent's belief as to all matters not stated upon his knowledge are based upon records in my file and conversations with plaintiff(s),

**Affirmed the 25th day of November, 2013**

_____

**MARTIN L. GINSBERG**

and

_____

**CORY ROSENBAUM**

INDEX No.                                       Year 20

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

MICHELLE BELL, LARVELLE BELL, IVANTA BELL-SIMON and JOSHUA BELL-SIMON,

                                   Plaintiffs,

-against-

CITY OF NEW YORK, SERGEANT THOMAS LENT and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES and AGENTS.

                                   Defendants.

## SUMMONS AND COMPLAINT

| | | |
|---|---|---|
| **MARTIN L. GINSBERG, P.C.**<br>Attorney for Plaintiffs<br>80-59 Lefferts Boulevard<br>Kew Gardens, New York 11415<br>(718) 805-2300 | **and** | **CORY ROSENBAUM, ESQ.**<br>Co-Attorney for Plaintiffs<br>401 East Olive Street<br>Long Beach, New York 11561 |